Alright, this court is now in session. Please be seated. Would the clerk call the next case, please? Case number 313, Zermatt v. Irvine, People of the State of Illinois, Appellee by Richard Leonard v. Calvin Williams, Appellate by Sean Conley. Mr. Conley, good morning. Good morning. May it please the court, counsel? My name is Sean Conley. I'm with the Office of the State Appellate Defender, and I represent Calvin Williams. Mr. Williams was convicted after a bench trial of two counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse, and was sentenced to an aggregate term of 24 years incarceration in the IODC. We've raised three issues on appeal as they're set out in the briefs, or numbered in the briefs, rather. Issue 1 involves the trial court improperly closing the proceedings. Issue 2 involves ineffective assistance of counsel related to Mr. Williams' right to a jury trial after a significant change of circumstances. And Issue 3 involves Knox County's use of what we allege is an illegal shackling policy. Today I'd like to focus on the closure issue and then, time permitting, move on to the shackling and ineffective assistance issues in that order. But, of course, I am prepared to talk about those issues if your honors have any specific questions. On the closure issue, I personally found the law on this issue a little confusing when I started, so my goal today is to try to simplify things for you. We have to start with the axiom that where the U.S. Supreme Court has specifically ruled on a point of law, we have to accept that ruling over any contrary rulings. The leading case in this issue is Waller v. Georgia from the United States Supreme Court. We cite earlier cases and later cases, but Waller is useful because on the list of classic structural errors, Waller is the source, the site, for the error of a denial of a public trial. So, if Waller error exists in a case, that error is per se reversible regardless of the strength of the evidence. Now, the U.S. Supreme Court in Waller and these other cases set out standards that have to be met whenever a trial is closed. And under those cases, those standards must be met strictly. There are four elements. First off, the party advocating for the closure must set out an overriding interest likely to be prejudiced by a public trial. The closure must be narrowly tailored to protect that interest. Alternatives to closure must be considered, and the trial court must make findings on the record sufficient to support the closure. Now, where things get a little confusing is with the Illinois law, and there's two problems. The first is Section 115-11 of the Code of Criminal Procedure, which allows for limited exclusions of certain parties from certain testimony in certain types of cases. Now, largely because that section does not require that exclusion to explicitly meet the Waller standards, the Illinois Supreme Court has differentiated between Waller closures on the one hand and 115-11 exclusions on the other hand. Our position has always been that what happened here was a Waller closure as opposed to an exclusion. Now, the state obviously disagrees with that and believes that 115-11 applies to this case. And our response to that disagreement is that the distinction between these closures and exclusions no longer is particularly relevant. And that's because after the Illinois Supreme Court held that that section was constitutional, that's people be thalasser. The U.S. Supreme Court held in Presley v. Georgia that the exclusion of a single courtroom observer without meeting the Waller standards was Waller error. And so regardless of the nature of what happened in this case, Waller is the standard that we have to apply, not the Illinois statute. Has that particular issue been presented to our Supreme Court? Not since Presley, as far as I'm aware. But again, Presley is basically reiterating the holdings of prior U.S. Supreme Court cases, saying that all of these elements have to be explicit on the record, including the requirement that a record be made. And that actually leads us to the second problem with the Illinois cases, which is that the Illinois cases allow for substantial compliance with Waller. So, for example, in People v. Hulvick, the Illinois Supreme Court looked to the record as a whole for specific facts that would justify the closure in that case. Our position is that that is bad law, because again, all of the U.S. Supreme Court cases that have dealt explicitly with these closure issues have said that it is the trial court's duty to put on the record the reasons for the closure, as well as the advocating party's duty to put forth an overriding interest, and et cetera. In other words, the structural error doesn't necessarily, or doesn't only apply, or exclusively apply to the first three, what you could think of as substantive Waller elements, but also to that last element, that everything has to be explicitly put on the record. And that's because the lack of a record hampers review of the issue, and it's a very critical right that we're talking about that needs to be protected, and those protections are undermined by not allowing a full review of the issue. Do you think that this is the type of error that requires reversal, even though the error may have been invited? Well, I think the answer to that is that I would disagree that it was invited in this case. Now, if it had been invited, that would be a different analysis, but if we're talking about a straight forfeiture as opposed to an explicit waiver, this is structural error. It cannot be forfeited. So our position is, you know, in this case what's happened is counsel remained silent as this procedure went forward. That is not an acquiescence to the procedure. There's no affirmative act on the part of the defense approving of the procedure, and it appears that this is done, sort of, it was a sort of de minimis consideration in this case, as if it were sort of done as a matter of course, and so I would disagree that those circumstances indicated an acquiescence to it. There was a court reporter present. There was a court reporter present, correct. The only person that was not allowed to be present really was the defendant. The public plus the defendant. The defendant was not in the chamber, correct? Correct. Again, I think under Presley, for example, it really doesn't matter the extent of the exclusion or the closure. There are no de minimis exclusions under U.S. Supreme Court. Don't get any more extreme than excluding the accused. I would agree with that. I would agree with that. And did the trial court make any arrangements for defense counsel to communicate with his client? Not that I'm aware of. Not on the record. Any assesses taken to allow defense counsel to speak to his client about possible cross-examination questions? I don't believe so. I don't believe so. So I'm thinking about the confrontation clause here, but you didn't formulate the issue that way. I think the most direct way is to talk about it as a closure. So Mr. Connolly, in order to rule in favor of your client in this case, we would have to say that the Supreme Court decisions are wrong? Unfortunately, I think that is true. Or rather, the way that I would prefer to frame it would be to say that we have to follow the U.S. Supreme Court as opposed to the Illinois Supreme Court on these precise issues. And that's just a matter of the rules of jurisprudence in terms of who has the authority to set these rules. The United States Supreme Court has set these rules, so we must follow them as they're set out in those cases. That is our position. Is there an argument that the closure was improper under 115.11? I think that there's definitely an argument that it was improper under, for example, HOLVIC, because I don't believe that the record makes any showing that there was specific or were specific facts justifying the closure. In terms of 115.11, I think that that's a weaker argument. But again, I don't believe that that statute actually applies to this case. And even if it did, due to subsequent developments in the United States Supreme Court, I think it's difficult to continue to follow the cases interpreting that statute. Can I ask you a question about the record? Sure. How did the identification of the defendant take place? I reviewed the transcript, and I see that the victim did identify the defendant on the record, but where did that happen? Was it in the courtroom? Well, the victim only testified in chambers. So the in-court identification is in chambers. And then obviously there are other statements in which she identified the defendant that were also testified to. I'm looking at page 73 and 74 of the transcript. The question was asked, did he have any nicknames, and the child responded, fresh. And then the question was, all right, do you see him in this room anywhere? And her answer was yes. So I'm just confused. Okay, I understand. I think I potentially misspoke earlier. I think that the defendant is present in chambers, as I'm recalling. And so we have the defense team, we have the victim, her foster mother, and the courtroom crew, but in a separate room with closed doors and not accessible to the public. Okay, because on page 22 of your brief you say present in the trial court, present was the judge, the court reported the attorneys, and SHS foster mother. I'm just confused, and maybe after arguments if you want to send a little note to the court. I would be happy to do that. If there's any confusion, obviously it's coming from me, and I apologize for that. My understanding is that the defendant is present. In chambers? In chambers, but I will double-check that for you. Thank you. Okay, if there are no other questions, I'll just very briefly talk about the shackling issue. In terms of the error, I think we can get rid of that very quickly. There's no valid argument, or reasonable argument, I should say, that there was no error in the case, because even if you disagree that Boos requires these hearings in any part of the trial, or any part of the proceedings other than the trial, and even if you question the evidence that there was a policy, the fact remains that Mr. Williams was shackled without a hearing for a large portion of the proceedings, and so the only question is whether it's a reversible error. And we ask, obviously counsel has forfeited the error, and we ask you to excuse that forfeiture for a number of reasons, including the fact that this appears to be standard operating procedure in this courtroom, and I think it's difficult to expect counsel to object to the local rules in the middle of the proceedings. And then also, obviously, people being Allen refused to reverse on this issue under the second prong of plain error, but Allen also left open the possibility of reversal in cases where the defendant can demonstrate that the shackling impugned on the presumption of innocence, the dignity of the proceedings, or defendant's ability to assist counsel, and we believe that all of those things are shown on this record. And additionally, obviously, that the evidence was, when viewed realistically and from a qualitative perspective, ultimately close, closely balanced. So for all of those reasons, and the reasons set out in our briefs, we'd ask your honors to reverse Mr. Williams' conviction and remand for a new trial. Thank you. Thank you. Mr. Leonard, good morning. Good morning. May it please the court, counsel. First of all, Justice Wright, I have in my notes here that the defendant was in counsel with his lawyer and the court reporter. So I believe that is correct. In chambers. In chambers. Thank you. But the issue here is whether there's plain error, whether the defendant forfeited the issue to a public trial. Defense counsel talks about exclusion or closure, but I don't see any difference between the two. In the Waller case, I agree that that is the pivotal case here. In Waller v. Georgia, the U.S. Supreme Court said that a defendant has a right to a public trial, and they cite to the U.S. Constitution. The very next sentence after that, it says, however, this right is not absolute, and that is the case here. I don't believe the defendant argues that this was second-pronged plain error to exclude the public from the trial during the victim's testimony. I disagree. I don't believe that Waller says that you can or you can't exclude people for a good reason. And our Illinois Supreme Court has stated that one of those good reasons, about a sexual assault. In this case, the child was nine years old. The only testimony that was taken not in the public was when the victim testified. The defendant otherwise had a public trial. It doesn't make it illegal if the defendant is present with his attorney in chambers and the public is excluded. But the only person who was testifying outside of the public venue was the person who was making the claim, and the only person who knew about it. Yes. And Illinois law and the statutes state that for special reasons, these young victims, they are allowed to testify in chambers when there's a good reason. And this is a good reason here. Of course, the defendant would claim that he was denied a public trial because the victim didn't testify in the courtroom. He wants to put as much pressure on the young victim as possible not to testify or not to accuse him. In this way, the Illinois Supreme Court and our legislature has balanced the two rights. And the defendant has not proven that this was structural here. The defendant cites Presley v. Georgia, where it was during Vordeer and the trial judge excluded all of the public because he did not want the jury Vordeer to be tainted by anything that the public may say or express. And of course, that was reversible here, but that's not the case we have here. The defendant is the appellant here, and he has to put on the record those Waller conditions. Even if you have Waller conditions that aren't met, I cite to People v. Priola and People v. Leggins, which found that in a similar situation, when a young sexual assault victim testifies in chambers or with the public absent, it's not even plain error, let alone reversible error. So it's the defendant's burden that proved plain error here, and I believe that he has met his burden. Just quickly, the shackling issue, of course, that was not preserved either, and the defendant has forfeited that issue. The People v. Allen case at the U.S. Supreme Court held that failure to object and include the issue in a post-trial motion, the defendant forfeits the issue, and it is not systemic or reversible error, simply because the defendant may have been shackled. In this case, defense counsel makes the broad conclusion by a sentence or two in the record that this was a blanket policy in the county. Well, we don't know that for sure. The record is simply not clear, and I ask that this court not speculate, and even if it was a blanket policy, the defendant cannot meet his burden under Allen. I think I've hit all the points defense counsel has spoken about. If this court has any questions, I'd be happy to answer those. Otherwise, I ask that you find that the defendant has forfeited these two issues and defense counsel was not ineffective and affirmed the defendant's conviction. Thank you, Mr. Leonard. Mr. Connolly, any rebuttal? Thank you, Your Honors. Thank you, counsel. First off, I'd just like to apologize again for any misunderstanding about the record that I may have caused. That's an embarrassment that certainly nobody … It's the benefit of having arguments. We clear it up with questions. Absolutely, absolutely. No apologies necessary. Thank you, Your Honor. In terms of structural error on the closure issue, or rather, plain error on the closure issue, I'm sure Your Honors are aware that there has been considerable debate about whether or not second-prong plain error is equivalent to or simply analogous to structural error, and that issue is currently in front of the Illinois Supreme Court. On this particular issue, that question is not particularly relevant because, again, when you look at Thompson and Glasper and the cases that establish what structural error is, all of those cases ultimately cite Waller. And so if Waller error exists, there is no other showing necessary. It is per se reversible as structural error. Clearly, this is not an absolute right. Counsel is absolutely correct about that. However, Waller and the other U.S. Supreme Court cases set out the standards for determining whether or not that right has been violated. And those are the standards we have to follow because those standards are coming from the U.S. Supreme Court. And so our position is, based on those standards, which require those four elements on the record, explicitly on the record, that based on those four elements, we have error here. I think in terms of the shackling issue, I recognize that Allen is or appears at first blush to be on point, but I think a closer reading of Allen says that the defendant did not meet certain second-prong standards. He did not meet certain second-prong showings, specifically that the shackling in that case impugned on the dignity of the proceedings, the presumption of innocence, and the ability to assist in the defense. In this case, we made or I made an analogy in the briefs to the notion of a trial court denying counsel to a misdemeanor and how outrageous that would seem to us since that point of law has been established for so long. Perhaps a better analogy would have been the old law school story of the one free dog bite. We know that these policies are not to be allowed, and we've known it for a long time, and it should not be acceptable to us that these policies continue. That being said, even if that distinction between this case and Allen isn't convincing, we do have evidence on this record that the particular style of shackling involved impeded the defendant's ability to assist with the proceedings, including evidence in other parts of the proceedings that the defendant and the co-defendant had difficulty writing when they were shackled, that Mr. Williams had difficulty handling his notes while he was shackled, and overall a difficulty participating fully in the proceedings, and there's no reason to think that that difficulty was not there during the trial as well. If no one has any questions, again, I would thank your honors and ask respectfully that you reverse and remand the case for a new trial. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand and bring recess for the panel. All rise. This court will now stand and recess.